IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL G. CARY, SR., #15321-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv561 |
| | | CRIM. NO. 4:08CR00093-001 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Michael G. Cary, Sr., an inmate confined at F.C.I. Big Spring, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the motion.

Facts of the Case

On December 3, 2008, Cary was sentenced to 60 months of imprisonment after a plea of guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He was also ordered to pay restitution in the amount of $4,948,930.64. He did not appeal the conviction.

The present § 2255 motion was filed on November 16, 2009. Cary argued that he is entitled to relief because the restitution order was improper, the wrong standard of proof for restitution was used, the Court failed to consider his ability to pay restitution, and the alleged losses should have been

1

computed as net proceeds as opposed to gross receipts. The Government filed a response (docket entry #10) on March 13, 2012. Cary filed a reply to the response (docket entry #11) on May 18, 2012.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (citations omitted). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

> Paragraph 9 of the plea agreement contains the following waiver provision:
>
> 9.  <u>Waiver of Right to Appeal or Otherwise Challenge Sentence</u>: Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself.

The terms of the waiver specifically addressed the types of issues that may be raised on direct appeal, and Cary agreed not to contest his sentence in a § 2255 proceeding. Cary's sentence was in accordance with the plea agreement.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463,

465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit reiterated that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). The Court recently reaffirmed the basic principle that the waiver of collateral relief should be enforced if it was knowingly and voluntarily entered. *United States v. Ramirez*, 416 Fed. Appx. 450, 452-53 (5th Cir. 2011).

In the present case, Cary asserted in his reply to the answer that his plea agreement was not intelligently entered because counsel misinformed him about the exposure he faced and the waiver of his appellate rights. Despite the appearance of being voluntary, he allegedly did not voluntarily and knowingly waive his right to appeal.

The plea agreement in this case advised Cary that the maximum sentence he faced was not more than 20 years for both counts of the information. The plea agreement set forth an agreed upon sentence of 60 months of imprisonment and forfeiture in the amount of $6,172,901.25, at a minimum, or the amount of restitution calculated by probation services, pursuant to Fed. R. Crim. P. 11(c)(1)(C). In the plea agreement, Cary waived his rights (1) to plead not guilty, (2) to be tried by a jury, (3) to have his guilt proved beyond a reasonable doubt, (4) to confront and cross-examine witnesses, (5) to call witnesses in his defense, and (6) to not be compelled to testify against himself. Cary stipulated that the

3

plea of guilty was freely and voluntarily given and was not the result of force, threats, or promises other than those set forth in the plea agreement. He made the following stipulation concerning the representation of counsel:

> Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with the lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a plea. After conferring with counsel, Defendant concedes that he is guilty and has concluded that it is in his best interest to enter this agreement rather than proceeding to trial.

At the change of plea hearing, Cary specified that he understood the charges and the elements of the charges against him. He testified that he understood the range of punishment, including the forfeiture of property and restitution. He stated that he understood that he would forfeit $6,172,901.25, at a minimum, or the amount of restitution calculated by pretrial. He testified that he was pleading freely and voluntarily. He added that no one forced him or threatened him or made any promises other than those contained in the agreement. He told the Court that he was competent to make the plea of guilty. He asserted that he was giving up the right to appeal and to contest his sentence in a § 2255 proceeding.

At sentencing, the Court discussed the amount of restitution. The losses were over $6 million and Cary still owed about $5 million. *See* TR, page 18. The Court ordered Cary to pay restitution totaling $4,948,930.64. The amounts involved were fully discussed in the plea agreement, at the change of plea hearing and at sentencing.

"Solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74

4

(1997)); *see also United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990) (holding that a defendant's failure to object at trial is a factor that weighs against his claim of inadequate comprehension). Thus, a defendant may not ordinarily rebut his sworn testimony while under oath. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 282-84 (5th Cir. 2002). Furthermore, official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

When determining whether a plea is voluntary, a reviewing court considers all relevant circumstances and examines what conditions are required for a valid plea and whether these conditions have been met. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). These conditions include, among other things, that the defendant had notice of the charges against him, understood the constitutional protections he has waived, and had access to the competent advice of counsel. *Id.* A defendant's statements - that his plea was knowing and voluntary and that he understood the rights he was waiving - create a presumption that the plea is valid. *Id.* Because a defendant's assertion at a plea colloquy that no one had attempted to force him to plead guilty carries a strong presumption of verity, the district court does not have a duty to undertake a more searching inquiry into whether a defendant's plea was voluntary when the court received no objective information that would have reasonably put it on notice that further inquiry would be needed. *United States v. Abreo*, 30 F.3d 29, 31 (1994).

A defendant's prior attestations of the voluntariness of his plea is not an absolute bar to a subsequent contention that his plea was involuntary, but it imposes a heavy burden of proof. *United*

5

*States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). To overcome that burden, the defendant must show that his plea was so much the product of misunderstanding, duress, or misrepresentation by others as to make the plea a constitutionally inadequate basis for imprisonment. *Id.* Once a valid guilty plea has been entered, all non-jurisdictional defects in the proceedings are waived, including all claims of ineffective assistance of counsel. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Lampazianie*, 251 F.3d at 526.

The plea agreement and Cary's testimony gives every indication that the plea of guilty was entered knowingly and voluntarily and that the waiver of appeal was entered knowingly and voluntarily. The evidence shows that he understood the amount of restitution involved and his claims to the contrary are disingenuous. The evidence shows that he was satisfied with his attorney and that his attorney was effective. In support of the present motion, Cary has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a collateral challenge to his conviction. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). The Court concludes that Cary has not shown that his guilty plea and waiver were not entered knowingly or voluntarily or were the product of ineffective assistance of counsel. The waiver contained in paragraph 9 should be enforced and the present § 2255 motion should be denied.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Cary has not yet filed a notice of appeal, it is respectfully recommended that this Court,

6

nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Cary's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing

7

*Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Cary is not entitled to a certificate of appealability as to his claims.

### Recommendation

It is accordingly recommended that the motion to vacate, set aside or correct Cary's sentence pursuant to 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 22nd day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE